UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JARVIS KHATTRI, § § § | |
| *Plaintiff,* § § | |
| v. § § | Civil Action No. 3:25-cv-1334-x |
| AKIN GUMP STRAUSS HAUER & FELD LLP, et al. § § § § | |
| *Defendants.* | |

### MEMORANDUM OPINION AND ORDER

Under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** plaintiff Jarvis Khattri's case against defendants Akin Gump Strauss Hauer & Feld LLP, Sarah Link Schultz, and Does 1 to 20 for failure to prosecute his case.

Khattri filed his complaint against Akin Gump in May 2025. The Court ordered Khattri to appoint local counsel and replead jurisdictional facts. (Doc. 7). Khattri neither appointed local counsel nor replead jurisdictional facts. On August 7, 2025, the Court ordered Khattri to comply with the Court's previous order noting that "[i]f the plaintiff does not comply with this order, the Court may dismiss this case for want of prosecution and failure to follow court orders under Federal Rule of Civil Procedure 41(b)." (Doc. 10). Khattri failed to comply with the Court's order.

Rule 41(b) allows the Court to "dismiss the action or any claim against" the defendant if "the plaintiff fails to prosecute or to comply with these rules or a court

1

order."[1]  Dismissal under Rule 41(b) may be *sua sponte*, but it may be with prejudice "only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."[2]

What is clear is that dismissal is appropriate under Rule 41(b) because Khattri has failed to prosecute his case and he and his attorney have disobeyed the Court's orders.  The more difficult inquiry is whether that dismissal should be with prejudice or without prejudice.  The Court, in its discretion, notes that despite Khattri and his lawyer's failures, the record lacks the findings of purposeful delay or contumaciousness and the Court has not already imposed the lesser sanctions necessary to warrant dismissal with prejudice—the heightened standard for dismissal with prejudice that Rule 41(b) requires.  Therefore, under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Khattri's case against the defendant for Khattri's failure to prosecute his case and Khattri and his lawyer's failure to comply with the Court's orders.

**IT IS SO ORDERED** this 9th day of September, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] FED. R. CIV. P. 41(b).

[2] *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).